UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

LUANN GREENLEY,

          Plaintiff,

v.

P&G MEHOOPANY EMPLOYEES
FEDERAL CREDIT UNION and
KIMBERLY ZELNA,

          Defendants.

Case No. 3:12-CV-00542

(Judge Kosik)

FILED
SCRANTON

AUG 0 1 2012

PER _____
DEPUTY CLERK

## MEMORANDUM

This case involves a termination of Plaintiff's employment by Defendant, P&G Mehoopany Employees Federal Credit Union. Presently before the court is Defendants' Motion to Dismiss, which is briefed and ripe for adjudication. We will sua sponte remand the case and not exercise supplemental jurisdiction over the remaining state-law claims in Plaintiff's Amended Complaint.

## PROCEDURAL HISTORY

On March 6, 2012, Luann Greenley ("Plaintiff") filed a Complaint (Doc. 1-1) in the Wyoming County Court of Common Pleas. Pursuant to 28 U.S.C. § 1441, P&G Mehoopany Employees Federal Credit Union ("PGMFCU") and Kimberly Zelna ("Zelna") (collectively "Defendants"), filed a Notice of Removal of Civil Action on March 26, 2012, because the Complaint contained federal question claims. (Doc. 1.) In the Complaint, Plaintiff alleged a Sixth Amendment rights violation (Count I), a 42 U.S.C. § 1983 violation (Count II), and a Pennsylvania Whistleblower Law, 43 Pa. Con. Stat. Ann. § 1421 et seq., violation (Count III) against defendant PGMFCU, in addition to a defamation claim against defendant Zelna (Count IV). (Doc. 1-1.) On March 29, 2012, Defendants filed a Motion to Dismiss Plaintiff's

1

Complaint Pursuant to Rule 12(b)(6). (Doc. 3.) On April 5, 2012, we granted Plaintiff's Motion for Extension of Time to Respond (Doc. 4) until April 30, 2012. (Doc. 5.) Plaintiff filed an Amended Complaint on April 30, 2012. (Doc. 7.) In the Amended Complaint, Plaintiff dropped the federal question claims (Counts I and II) and only alleged a violation of the Pennsylvania Whistleblower Law against defendant PGMFCU (Count I) and a defamation claim against defendant Zelna (Count IV). (Doc. 7.) In response, Defendants filed a Motion to Dismiss Plaintiff's Amended Complaint Pursuant to Rule 12(b)(6) on May 14, 2012. (Doc. 8.)

## BACKGROUND

At issue are the reasons and circumstances surrounding Plaintiff's termination from PGMFCU by and through Zelna, the Credit Union Chief Executive Officer. Plaintiff was terminated from her employment on or about October 26, 2010, for allegedly reporting misconduct by Zelna to the PGMFCU Board of Directors ("Board"). (Am. Compl. ¶ 12.) After Plaintiff reported the allegations to the Board, Zelna allegedly terminated Plaintiff, a member of the Credit Union, for a bounced check. (Am. Compl. ¶ 13.) Additionally, Plaintiff alleged Zelna called Plaintiff "a liar, troublemaker and incompetent person who falsely accused her of malfeases [sic]," to multiple PGMFCU staff and administrators. (Am. Compl. ¶ 32.)

Prior to filing the Complaint, Plaintiff filed a claim with the U.S. Equal Employment Opportunity Commission ("EEOC"), alleging that she was discriminated against and terminated for reporting Zelna's misconduct to the Board. (Doc. 10 at 10.) On January 13, 2012, the EEOC concluded there was no Equal Employment Opportunity violation and gave Plaintiff a Dismissal and Notice of Rights. (Doc. 10-1.)

## DISCUSSION

Defendants removed the present action to federal court pursuant to 28 U.S.C. § 1441 because Counts I and II of the original Complaint contained two federal questions. Defendants then filed a Motion to Dismiss all counts. Rule 15 of the Federal Rules of Civil Procedure allows a party to amend a pleading once, twenty-one days after serving it, with the opposing party's

written consent, or with the court's leave. Fed. R. Civ. P. 15(a)(1-2). Although Plaintiff did not specifically request to amend the Complaint pursuant to Rule 15, we did grant Plaintiff's Motion for Extension of Time to Respond to Defendants' Motion to Dismiss. (Doc. 6.) This court recognizes that a party may respond to a Motion to Dismiss by acknowledging the shortcomings of the original Complaint, and by filing an Amended Complaint to correct those shortcomings, pursuant to Rule 15. Plaintiff stated that upon "reviewing Defendants' Motion to Dismiss, Plaintiff determined that some of Defendants' claims had merit and, as such, warranted an amended complaint." (Doc. 10 at 6.) Therefore, we recognize Plaintiff's Amended Complaint, filed on April 30, 2012, as superseding the original Complaint.

After Defendants filed a Motion to Dismiss all of Plaintiff's counts under Rule 12(b)(6), Plaintiff amended her Complaint to only include state law claims. In Carnegie-Mellon University v. Cohill, 484 U.S. 343 (1988), the Supreme Court found that at the time the action was removed from state court, the District Court had pendant jurisdiction of the state-law claims because they were "derived from the same nucleus of operative fact as the federal-law claim. . . ." Cohill, 484 U.S. at 350-51. Additionally, the Court noted, "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine – judicial economy, convenience, fairness, and comity – will point toward declining to exercise jurisdiction over the remaining state-law claims." Id. at 351, FN 7. Therefore, a balancing of the factors will determine whether it is appropriate to exercise supplemental jurisdiction or to remand. Similarly, Plaintiff's state-law claims are supplemental to the federal-law claims in her original Complaint because they are derived from the same nucleus of operative facts surrounding the circumstances of her employment termination. Accordingly, the court has discretion whether to continue to exercise supplemental jurisdiction over the remaining state-law claims pursuant to 28 U.S.C. § 1367(c).

Defendants argue that the court should retain supplemental jurisdiction over the state-law claims because the Plaintiff's Amended Complaint was done to manipulate the court and to

secure a state forum. The Supreme Court in <u>Cohill</u> also addressed this concern over forum shopping by way of manipulation and stated, "If the plaintiff has attempted to manipulate the forum, the court should take this behavior into account in determining whether the balance of factors to be considered under the pendent jurisdiction doctrine support a remand in the case." <u>Id.</u> at 357. We find that the Plaintiff did not manipulate the forum, but recognized the merits of Defendants' arguments in the Motion to Dismiss (Doc. 3) concerning the federal question claims. Additionally, we find that the weight of the factors of judicial economy, convenience, and fairness to the parties, weigh in favor of remanding the case, because the case is in its early stages and the Commonwealth has a greater interest in interpreting its Whistleblower Law, 43 Pa. Con. Stat. Ann. § 1421 et seq.

Therefore, we decline to exercise supplemental jurisdiction, and we will sua sponte remand the remaining claims of Plaintiff's Amended Complaint to state court.

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LUANN GREENLEY,<br><br>    Plaintiff,<br><br>v.<br><br>P&G MEHOOPANY EMPLOYEES<br>FEDERAL CREDIT UNION and<br>KIMBERLY ZELNA,<br><br>    Defendants. | Case No. 3:12-CV-00542<br><br>(Judge Kosik) |

## ORDER

AND NOW, this ___1st___ day of August, 2012, IT IS HEREBY ORDERED THAT:

1. The Defendants' Motion to Dismiss Plaintiff's Amended Complaint Pursuant to Rule 12(b)(6) (Doc. 8) is DENIED;

2. The Clerk of Court is directed to REMAND the above-captioned action to the Court of Common Pleas of Wyoming County.

                 _/s/ Edwin M. Kosik_
                 Edwin M. Kosik
                 United States District Judge